IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| BILLY G. ASEMANI, #339096, | ) | CIV. NO. 19-00477 JAO-RT |
|---|---|---|
| Plaintiff, | ) | DISMISSAL ORDER |
| vs. | ) | |
| THE ISLAMIC REPUBLIC OF IRAN, | ) | |
| Defendants. | ) | |

## **DISMISSAL ORDER**

Before the court is pro se prisoner[1] Billy G. Asemani's pleading brought pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602, *et seq.*. ECF No. 1. Asemani seeks to enforce a state court default judgment that he obtained against the Islamic Republic of Iran. He also asks for an extension of time to comply with the September 3, 2019 Deficiency Order directing him to submit either an in forma pauperis application or the civil filing fee. ECF No. 3.

For the following reasons, the Deficiency Order is VACATED, the Motion for an Extension of Time to Respond to the Court's Deficiency Order is DENIED, this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).

---

[1] Asemani is confined at the Eastern Correctional Institution ("ECI"), located in Westover, Maryland.

# I. DISCUSSION

## A. 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act ("PLRA") provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Asemani concedes that he has had three or more prior prisoner actions dismissed by a federal court on the grounds that they were frivolous, malicious, or failed to state a claim on which relief may be granted. *See* Mot., ECF No. 3, at PageID #1; *see also Asemani v. U.S. Citizenship & Immigration Servs.*, 797 F.3d 1069, 1073 (D.C. Cir. 2015) ("While incarcerated, at least three of [Asemani's] suits have been dismissed on grounds qualifying as "strikes" for purposes of the three-strikes rule."). Thus, Asemani may not proceed in this action without concurrent payment of the complete civil filing fee, unless his pleadings show that he was in imminent danger of serious physical injury when he brought this action. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1055 (9th Cir. 2007).

Asemani is seeking to enforce a default judgment recorded in the Circuit Court for Allegany County, Maryland on July 22, 2016. *See* ECF No. 1-1, at PageID #22. Nothing within Asemani's Complaint or exhibits supports a finding that he is or was in imminent danger of serious physical injury when he filed this action or that there is a continuing practice that injured him in the past that poses an "ongoing danger." *Andrews*, 493 F.3d at 1056. Although Asemani claims that he was tortured by the Iranian government, he states that he has been seeking redress from Iran for this for more than ten years. Asemani is now incarcerated in Maryland and he alleges no nexus between any actions of the Republic of Iran and his current confinement that suggest he is presently in danger. *See Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009) (holding that "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)."); *cf.*, *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) (recognizing that the imminent danger alleged must be sufficiently related to a claim in the complaint for the imminent danger exception to apply); *see also Asemani v. Republic of Iran*, 2019 WL 366482, at *2 (N.D. Cal. Jan. 3, 2019) ("[T]o qualify for the imminent danger exception, plaintiff must show that: (1) the imminent danger of serious physical injury alleged is fairly traceable to

3

unlawful conduct asserted in the complaint; and (2) a favorable judicial outcome would redress that injury"). Asemani may not proceed in forma pauperis in this action.

## II. Motion for Extension of Time

Recognizing that he may not proceed in forma pauperis, Asemani seeks an extension of time, until November 1, 2019, to "respond" to the Deficiency Order. To be clear, Asemani does *not* say that he will submit the $350.00 filing fee and the $50.00 administrative fee on November 1, 2019. His exhibit shows that he does not have sufficient funds to do so. *See* Ex. A, ECF No. 1-1, at PageID #36. Rather, in light of Asemani's extensive history of unsuccessful filings against the Republic of Iran and its officials in the federal courts,[2] it appears that he is simply attempting to postpone the inevitable dismissal of this action by moving for an extension of time.

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant

---

[2] A review of the official database of cases filed in the federal courts reveals that Asemani has filed more than thirty-five actions against the Republic of Iran or its officials. *See* http://pacer.psc.uscourts.gov. (PACER Case Locator) (last visit 10/05/2019).

to 28 U.S.C. § 1915(a). *See Andrews*, 493 F.3d at 1051. Allowing Asemani to continue in this case without concurrent payment of the filing fee, particularly when he admits that he is barred from proceeding in forma pauperis by § 1915(g), defeats the PLRA's objective "of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). Asemani's Motion for an Extension of Time is DENIED.

## II. CONCLUSION

(1) The July 1, 2019 Deficiency Order, ECF No. 2, is VACATED.

(2) Asemani's Motion For an Extension of Time, ECF No. 3, is DENIED.

(3) The Complaint and this action are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g). The Clerk SHALL terminate this case. The Court will take no further action herein beyond processing a notice of appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, October 7, 2019.

Jill A. Otake
United States District Judge

*Asemani v. The Islamic Republic of Iran*, No. 1:19 cv 00477 JAO RT; 3 Stks 19, Asemani 19 477 jao (VAC def. ord., dny IFP, dsm)